IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



Anthony Moore

    Plaintiff,

v.

Hakob Sirounian, et al.,

    Defendants

Civil Action

No. 1:19-CV-01018-LMB-MSH

JURY TRIAL DEMANDED

## MOTION FOR SUBSTITUTION, MOTION TO ADD DEFENDANT'S COMPANY AND MEMO OF LAW IN SUPPORT

COMES NOW, Plaintiff, Anthony B. Moore, in the above-captioned matter, respectfully make this 'Motion For An Order Of Substitution' regarding the death of Defendant-Tigran Garabedyan and 'Motion To Leave To Amend' to add his company as Defendant. On or about May 26, 2020 Plaintiff received Notice regarding the death of Defendant-Tigran Garabedyan. (Doc. 78). Defendant-Tigran Garabedyan (Dr. Tigran Garabedyan, Medicial Physician) apparently died in an unfortunate crash on or about May 21, 2020 while he was the pilot flying his private jet.

Plaintiff makes these motions pursuant to Fed. R. Civ. P. Rule 25(a)(1); Rule 25(a)(2); Rule 25(a)(3); Rule 15; Rule 20(a); Rule 21, to wit:

1

## MOTION FOR SUBSTITUTION

Pursuant to Fed. R. Civ. P. Rule 25(a)(1) If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.(2) After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record. (3) A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district. See <u>Deliphose v. United States Fire Insurance Co.</u>, Civil Action 18-39-SDD-RLB (M.D.La. 01/18/2019).

In the case at bar, Rule 25(a)(1) requires that a suggestion of death must identify a substituting successor or representative along with their address. (Doc. 78). Yet, this was not included within the Notice. Therefore, Plaintiff moves

2

this court for Motion to Substitute the proper party for Defendant-Tigran Garabedyan regarding the following:

(a) That an Order be issued to identify Defendant-Tigran Garabedyan trustee, estate ad litem, legal estate representative, heirs of the decedent's estate, designation of executor from the probate court, duly appointed administrator, successors or any other party related regarding the estate Defendant-Tigran Garabedyan (i.e "the Representative").

(b) That the attorney for Defendant-Tigran Garabedyan provide Plaintiff with the full name and address of the Representative for Defendant-Tigran Garabedyan so they can be served by process server the Order, Statement of Death, amended complaint, Summons, Motion To Substitute and Notice of Hearing (if required) regarding this motion.

(c) That the court issues any necessary stay upon the state probate court or representative pending the end of this litigation to ensure the Defendant-Tigran Garabedyan assets are not depleted.

### MOTION TO LEAVE TO AMEND TO ADD DEFENDANT'S COMPANY DIGNITY BIO-LABS

Defendant-Tigran Garabedyan company Dignity Bio-Labs is the product distributor, reseller or manufacturer of the sexual male enhancement product named Viril-X sold on www.buyerreviews.org. System Four, LLC is the product distributor and manufacturer of

the sexual male enhancement product named Herbal Erect sold on www.herbal-erect.com. Thus, both System Four, LLC and Dignity Bio-Labs products in direct competition with each other.

This lawsuit is against Defendants Hakob Sirounian, Hasmik Badalian, Tigran Garabedyan (collectively as "Defendant-BR"). One of the claims Plaintiff has made against Defendant-BR is for civil conspiracy. Defendant-BR previously denied they had any relationship to each other. As a result of Defendant-Tigran Garabedyan's death Plaintiff has learned they are all family members. (Again see Doc. 78). With that, as this case continues more is revealed.

It is important to note, Google Ads and Bing Ads are only two (2) of the internet search engine providers that Defendant-BR have run disparaging paid advertisement ('ads') relating to the Plaintiff's trademark ('mark') Herbal Erect. There are other internet search engine providers that Defendant-BR have disparaging paid ads still currently running despite the death of Defendant-Tigran Garabedyan under Dignity Bio-Labs. (Exhibit A and B). Plaintiff contends Dignity Bio-Labs is also involved in the civil conspiracy.

"Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Fed. R. Civ. P. 15(a). Citing Garrett v.

4

Wexford Health, 17-3480 (3d Cir. 09/10/2019) "The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time the party interposed the original complaint." 6 C. Wright & A. Miller, Federal Practice and Procedure § 1473 (3d ed. 2019). Rule 15(a) embodies the federal courts' policy of liberal pleading amendment by ensuring that an inadvertent error in, or omission from, an original pleading will not preclude a party from securing relief on the merits of his claim. Id.

Fed R. Civ. P. 20(a) provide a flexible standard that "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action". Koon v. Clark, C/A 4:18-1584-DCN-TER (D.S.C. 09/18/2018).

Citing Wright v. Waste Pro USA Inc., 2:17-cv-02654-DCN (D.S.C. 11/12/2019) "Under Rule 21, misjoinder of parties is not a ground for dismissing an action. Fed R. Civ. P. 21. However, the court may at any time, on just terms, add or drop a party [or] sever any claim against a party. Saval v. BL, Ltd., 710 F.2d 1027, 1031-32 (4th Cir. 1983)". Id.

Courts generally allow an amendment unless (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, none of the foregoing factors apply.

In the case at bar, the Second Amended Complaint ('SAC') was filed against Defendant Tigran Garabedyan's dba Dignity Bio-Labs. (Doc. 21). This was due to the fact as a result of third-party discovery Defendant-Tigran Garabedyan's was dba Dignity Bio-Labs on the Google Ads platform to run the disparaging ads.

First, with this, it was always Plaintiff's intent to hold all parties responsible liable. Second, Plaintiff has learned new facts regarding Dignity Bio-Labs prior and current participation in the activities claimed to be illegal. Since Defendant-Tigran Garabedyan death Plaintiff has learned Dignity Bio-Labs is still fully operational. Also, Plaintiff learned despite Defendant-Tigran Garabedyan death the disparaging ads relating to Plaintiff's trademark are still running under Dignity Bio-Labs. (Exhibit A, B, C, D). [NOTE: Exhibit D says, "Herbal Erect Pill Exposed "2020". However, the complaint was filed on August 9, 2019]. Third, it could also be said Dignity Bio-Labs is the survivor of Defendant-Tigran Garabedyan death.

6

Therefore, Plaintiff wishes to add Dignity Bio-Labs as additional Defendant. The factors relating to Fed. R. Civ. P. Rule 15 regarding bad faith, prejudice, futility or undue delay are addressed below.

**1.   No Showing of Bad Faith.**

In <u>Gurrieri v. Cty. of Nassau</u>, No. 16-cv-6983, 2017 WL 3432208, at *4 (E.D.N.Y. 2017) it was held "Even if a party seeking to add information to a complaint possessed that information at the time of the initial filing, that alone would be insufficient to demonstrate bad faith." <u>Id</u>.  It has also been held that courts 'consistently reject' conclusory assertions of bad faith. <u>Agerbrink v. Model Serv. LLC</u>, 155 F.Supp.3d 448, 453 (S.D.N.Y. 2016).

Still further, an amendment is not prejudicial if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred. See <u>Davis v. Piper Aircraft Corp.</u>, 615 F.2d 606, 613 (4th Cir. 1980).

In the case at bar, this case is still very early in the litigation phase.  The 'Meet & Confer" with Defendant-BR only occurred on May 21, 2020.  The Court has not set any scheduling orders. Fed. R. Civ. P. Rule 16(B).  No informal nor formal discovery has occurred in this action relating to the exchange of information between the parties.  In addition, there has been

7

no pre-trial orders. Still further the additional theory of recovery would be the same if Dignity Bio-Labs were added.

## 2. **No Showing of Prejudice To The Opposing Party.**

"Prejudice to the opposing party will often be determined by the nature of the amendment and its timing". Haas v. City of Richmond, Civil Action 3:17-cv-260 (E.D.Va. 08/10/2018). Also, previous court have held "the lack of undue prejudice where essentially no discovery had been undertaken in the case". Pasternack v. Shrader, 863 F.3d 162, 174 (2d Cir. 2017).

Under Rule 15(a) An important factor of allowing an amendment is whether the proposed amendment will prejudice the nonmoving party in his ability to litigate his case. See Alana v. Rose, Civil Action 7:18CV00420 (W.D.Va. 01/10/2020).

"Courts may find undue prejudice sufficient to justify denying leave to amend if a new claim or defense would force the non-moving party to expend significant additional resources to conduct discovery and prepare for trial". Hunt Valley Baptist Church, Inc. v. Baltimore County, Civil Action ELH-17-804 (D.Md. 07/17/2019).

In the case at bar, the nature of the amendment arises out of the same conduct, transactions, or occurrence and same question of law or fact common to the parties as the previous complaint. There have been no delays in Plaintiff's pleadings as he continues to suffer injury and learns more about the

8

Defendant-BR underhanded dealings and illegal conduct. Again, there has been no informal nor formal discovery or disclosures in this action relating to the exchange of information between the parties thus no resources have been expanded. Fed. R. Civ. P. Rule 26(a).

### 3. No Showing Of Futility.

"Proposed amendments are futile when they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)". IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC, 783 F.3d 383, 389 (2d Cir. 2015). The futility inquiry concerns whether the allegations themselves would state a claim, not whether they may eventually prove unfounded or whether Defendants may possess valid defenses. See Hubbard v. Holmes, 3:16-cv-00018 (W.D.Va. 03/23/2018).

In the case at bar, there have been no showing of repeated failure to cure deficiencies by amendments previously allowed. In the initial ("Joe Doe") complaint there were deficiencies and the Court denied the Motion To Serve a Third Party Subpoena. (Doc. 4). However, after the deficiencies were cured in the Amended Complaint, this Court granted the Motion To Serve a Third Party Subpoena stating Plaintiff has shown 'good cause'. (Doc. 7). This allowed for Plaintiff to obtain the true names of the Defendants.

Next, Plaintiff moved the court for leave to file the SAC. (Doc. 19). The Court again stated Plaintiff has shown 'good cause' and issued an order granting leave of the SAC. (Doc. 20). By this Court twice granting his motions, Plaintiff has demonstrated he has stated a claim, the action is capable of producing useful result and the case is not futile.

**4.   No Showing Of Undue Delay.**

"A district court may also deny a motion to amend for reasons such as undue delay. Delay alone is an insufficient reason to deny leave to amend." Van Story v. Washington County Health Dept., CIVIL ELH-17-3590 (D.Md. 07/25/2019). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

In the case at bar, the court docket showing there has been no delay in any motions, responses or replies by Plaintiff in this action. Plaintiff is the only party attempting to move the case along and seek resolution. In fact, Defendants have complained about Plaintiff possible filing a Motion For Summary Judgment as premature and too soon.

**5.   Granting Leave Under Fed. R. Civ. P. Rule 15.**

"Federal Rule of Civil Procedure 15(a) does not place a specific limit on the number of times a court may grant a party

leave to amend". <u>Frazier v. First Advantage Background Services Corp.</u>, Civil Action 3:17cv30 (E.D.Va. 09/23/2019).

"In applying Rule 15(c), the United States Court of Appeal for the Fourth Circuit has focused upon two issues in determining whether an amended claim relates back to an earlier complaint. Grattan v. Burnett, 710 F.2d 160, 163 (4th Cir. 1983). First, to relate back there must be a factual nexus between the amendment and the original complaint. Second, if there is some factual nexus an amended claim is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment. Relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims". <u>Beard v. Town of Topsail Beach</u>, 19-cv-00097-FL (E.D.N.C. 03/31/2020).

"The grant or denial of leave lies in the sound discretion of the district court". See <u>Gambelli v. United States</u>. 904 F.Supp. 494, 497 (E.D.Va.1995), affd. 87 F.3d 1308 (4th Cir. 1996). "Denial of leave to amend constitutes abuse of discretion without sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments". <u>RLI Insurance Co. v. Nexus Services, Inc.</u>, Civil Action 5:18-CV-00066 (W.D.Va. 08/28/2018).

"The Fourth Circuit has held that "[I]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits," and that in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive. . . the leave . . . should" be 'freely given.' Smith v. Town of Clarkton, N.C., 682 F.2d 1055, 1059 (4th Cir. 1982); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986), And, while the trial court is given discretion to deny amendment, that discretion is limited by the interpretation given Rule 15(a) in Foman, and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits." Island Creek Coal Co. v. Lake Shore Inc., 832 F.2d 274 (4th Cir. 10/27/1987); Bailey v. Virginia Department of Alcoholic Beverage Control, Civil 2:18cv392 (E.D.Va. 01/07/2019). Also see Foman v. Davis, 371 U.S. 178, 182 (1962).

The case at bar, given the facts or circumstances, arising out of the same transaction, occurrence, or series of transactions or occurrences and any question of law or fact common as the previous complaint to all parties related to the newly asserted claims. The factual nexus between the amendment and the previous complaint are the same given the Defendant-Tigran Garabedyan's and/or Dignity Bio-Labs have run disparaging ads regarding the Plaintiff's mark. Given the SAC was filed as

Tigran Garabedyan's dba Dignity Bio-Labs the Defendant had notice and the claim would be liberally construed relating back to SAC.

Only discovery will determine the degree of illegal activity committed by Dignity Bio-Labs under the Lanham Act and other violations outlined in the SAC. With this new information Plaintiff, ought to be afforded an opportunity to test his claim on the merits.

Lastly, allowing the complaint to be amended would serve in the interest of justice and promote judicial efficiency. Given the possible number of parties that may be added to the SAC, Plaintiff request that the Third Amended Complaint be submitted once the Motion to Leave (Doc. 64), this Motion For An Order Of Substitution and this Motion To Leave to add Dignity Bio-Labs are decided.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully request that these motions be granted and that the Court enter an order.

Submitted this 29 day of May, 2020.

Anthony B. Moore
Plaintiff, Pro Se

9892 Ashford Green Way
Douglasville, Georgia 30135
(678) 508-5017 (cell)

13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Anthony Moore<br><br>　　Plaintiff,<br><br>v.<br><br>Hakob Sirounian, et al.,<br><br>　　Defendants | Civil Action<br><br>No. 1:19-CV-01018-LMB-MSH<br><br><br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on this day the PLAINTIFF'S MOTION FOR SUBSTITUTION, MOTION TO ADD DEFENDANT'S COMPANY AND MEMO OF LAW IN SUPPORT and related AFFIDAVIT was delivered to defendants counsel by depositing the documents in the United States Mail a copy of the same in a properly addressed envelope with adequate postage thereon, to wit:

Shane Rumbaugh
Cooley LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400

Patrick J. Curran, Jr.
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006

Ambika Doran
Davis Wright Tremaine LLP
920 Fifth Avenue

Suite 3300
Seattle, Washington 98104

J. William Eshelman
CLARK HILL LLP
1001 Pennsylvania Avenue, NW
Suite 1300 South
Washington, DC 20004

Datev 'Dave' Shenian
CLARK HILL LLP
1055 West Seventh Street
Suite 2400
Los Angeles, CA 90017

William Cramer
CLARK HILL LLP
901 Main Street
Suite 6000
Dallas, TX 75202

Brendan Joseph Hughes
1299 Pennsylvania Avenue
Suite 700
Washington, DC 20004

Rebecca Givner-Forbes
Cooley LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400

Submitted this 29 day of May, 2020.

_____
Anthony B. Moore
Plaintiff, Pro Se

9892 Ashford Green Way
Douglasville, Georgia 30135
(678) 508-5017 (cell)